COMMITTEE ON PROFESSIONAL ETHICS AND CONDUCT OF THE IOWA STATE BAR · ASSOCIATION, Complainant,

v.

Charles F. GLENN, Respondent.

No. 86–398.

Supreme Court of Iowa.

July 23, 1986.

James E. Gritzner, of Nyemaster, Goode, McLaughlin, Emery & O'Brien, P.C., Des Moines, and Hedo M. Zacherle, Des Moines, for complainant.

Charles F. Glenn, West Des Moines, pro se.

REYNOLDSON, Chief Justice.

This attorney disciplinary proceeding involves the mishandling of an appeal by an attorney.

I. Respondent Charles F. Glenn is licensed to practice law in this state. He maintains an office in West Des Moines.

In 1977 this court suspended respondent's license for eighteen months for failing to file income tax returns. *See Committee on Professional Ethics & Conduct v. Glenn,* 259 N.W.2d 867 (Iowa 1977). His license later was reinstated.

In October 1982 the Iowa District Court for Pottawattamie County dissolved the marriage of Joyce LaVonne and Terrance J. Shea. Mrs. Shea was dissatisfied with the economic terms of the decree and retained respondent to prosecute an appeal, paying him $3000.

Respondent filed a notice of appeal and made some review of the case. He became convinced the appeal was probably without merit, but he did not so inform Mrs. Shea. He did not take necessary steps to pursue the appeal, and the clerk of this court notified him of the delinquencies. Respondent did not cure the delinquencies or keep Mrs. Shea informed, and eventually the appeal was dismissed.

Mrs. Shea learned of the dismissal from another source and demanded an accounting by respondent of the payment she had made him, which was not forthcoming. Eventually she obtained judgment against him, which was not paid. Mrs. Shea also paid another attorney $1000 to seek reinstatement of the appeal, but this too was unsuccessful.

Mrs. Shea then complained in writing to The Iowa State Bar Association about respondent's conduct. The administrator of complainant, Committee on Professional Ethics and Conduct of The Iowa State Bar Association, informed respondent in writing of the complaint and requested a response. Respondent did not answer. On two further occasions, the administrator requested a response, without results.

Complainant then filed a formal complaint against respondent before the grievance commission, alleging neglect in prosecuting Mrs. Shea's appeal and misappropriation of the money for work that was not done. Complainant also served respondent with a request for admissions. Respondent never answered the request for admissions. He filed answer to the complaint on the morning of the hearing before the grievance commission.

At the hearing respondent admitted in substance the facts we have recited. He contended, however, that he did considerable work on the appeal and that his attorney-client relationship with Mrs. Shea was unsatisfactory.

The commission found the facts as we have recited them, concluded that respondent acted unethically, and recommended that his law license be revoked.

II. Complainant has the burden of establishing its allegations by a convincing preponderance of the evidence. *Committee on Professional Ethics & Conduct v. Thompson*, 328 N.W.2d 520, 521 (Iowa 1983). It has done so, in accordance with our recitation of the facts. Based on such facts we conclude respondent violated Disciplinary Rules 1–102(A)(1), (4), (5), and (6); 6–101(A)(1), (2), and (3); 7–101(A)(1), (2), and (3); 9–102(B)(3) and (4), as well as Ethical Considerations 1–5; 2–8; 2–33; 6–4; 7–1; and 9–2.

III. The commission recommended disbarment. We have had cases of the present kind on both sides of the line between disbarment and suspension. *Compare Committee on Professional Ethics & Conduct v. Kelly*, 357 N.W.2d 315 (Iowa 1984); *Committee on Professional Ethics & Conduct v. O'Connor*, 329 N.W.2d 1 (Iowa 1983); *and In re Bishop*, 320 N.W.2d 47 (Iowa 1982) *with Committee on Professional Ethics & Conduct v. Coddington*, 360 N.W.2d 823 (Iowa 1985); *Committee on Professional Ethics & Conduct v. Lawler*, 342 N.W.2d 486 (Iowa 1984); *and Committee on Professional Ethics & Conduct v. Freed*, 341 N.W.2d 757 (Iowa 1983). We take past disciplinary infractions into account. *See Lawler*, 342 N.W.2d at 489.

Upon consideration of this entire record, we hold that respondent's practice of law should be terminated.

LICENSE REVOKED.

All justices concur except CARTER and LAVORATO, JJ., who take no part.