The COMMITTEE ON PROFESSIONAL ETHICS AND CONDUCT OF The IOWA STATE BAR ASSOCIATION, Complainant,

v.

**Robert W. MATIAS, Respondent.**

No. 94–486.

Supreme Court of Iowa.

Sept. 21, 1994.

Norman G. Bastemeyer and Charles L. Harrington, Des Moines, for complainant.

James G. Thomas, Anamosa, and Robert W. Matias, Cedar Rapids, pro se, for respondent.

Considered by HARRIS, P.J., and LARSON, LAVORATO, SNELL, and TERNUS, JJ.

SNELL, Justice.

We are reviewing in this matter the report of the Grievance Commission of the Supreme Court of Iowa (grievance commission) in which the commission recommended that attorney Robert W. Matias be publicly reprimanded. The commission's recommendation was based on its findings that Matias violated our Canons of Ethics by his actions in soliciting legal business and in failing to respond to inquiries made by the Committee on Professional Ethics and Conduct of the Iowa State Bar Association (ethics committee).

Respondent, Robert W. Matias, is an attorney licensed to practice law in the State of Iowa who resides in Linn County, Iowa. He has practiced law in Linn County since 1961 engaging in a general practice.

In the fall of 1992, Matias was contacted by the father of Danny Melsha, a man he had known for some time and was asked whether he would accept referrals regarding living trusts. Matias advised him that he would be interested in doing so. In October of the same year, Danny Melsha and Tim Graham approached Matias and advised him that Tim Graham was an attorney specializing in seminars on "living trusts." They wanted to know if Matias would accept referrals from Fidelity of Iowa for people who had no attorney or would accept referrals when an individual had an attorney who was not familiar with living trusts. They also asked him if he would introduce the speaker at seminars and provide some business cards. In November of 1992, Matias introduced speakers at seminars presented by Fidelity of Iowa regarding living trusts which were held in Cedar Rapids, Iowa. The materials which were distributed to people attending the seminar included a folder containing Matias' business card and a form which was styled "law offices of Robert W. Matias estate planning required documentation." The business card of Matias was stapled in the folder and made no disclosures as to being not certified in any speciality of law.

On December 17, 1992, the ethics committee provided an initial notice of a complaint to Matias regarding his conduct with respect to the seminar and requested his response. Matias failed to respond to the committee's request of December 17, 1992. A second notice was sent by the committee to Matias on or about January 13, 1993 by certified mail requesting his response to the committee's complaint. He failed to respond to the committee's second notice. On January 26, 1993, the committee wrote Matias by ordinary mail reminding him that his failure to respond to its complaint could result in a complaint being filed with the grievance commission. Matias failed to respond to the letter of January 26, 1993. No explanation was ever offered for Matias' failure to re-

spond. These actions by Matias form the basis for the ethics committee's first count of professional misconduct.

A second count of misconduct arises from the representation in 1992 by Matias of Hugh Carney in a proceeding for modification of a decree of dissolution of marriage. After the district court had ruled on the matter, Carney was advised of the court's ruling by Matias and received a copy of the same. Carney was unhappy with the ruling and alleged to the grievance commission that he told Matias that he wished to appeal from the court's order of March 1992 regarding the modification. Matias denies that he was ever told by his client to file an appeal.

Carney alleges that Matias agreed to handle the appeal but that he failed to file the appeal in time. Carney claims that on various occasions he tried to contact Matias by telephoning and by writing to him inquiring as to the status of the matter. Carney says that Matias failed to return his calls or answer his letter and that he failed to respond in any way. By the time Carney realized that an appeal had not been filed, it was too late to appeal the order of the district court.

Matias was notified by the Ethics Committee of the Linn County Bar Association of the filing of a complaint by Carney and a response was requested. Matias failed to respond to this letter of June 1, 1992, and to a second letter sent by the Linn County Committee in October of 1992. On January 21, 1993, the Linn County Committee wrote a third time requesting a response which was again to no avail. The Linn County Committee then forwarded Carney's complaint to the ethics committee. The ethics committee sent its initial notice regarding the Carney complaint to Matias by restricted certified mail and received no response. On July 30, 1993, a second notice was sent by the committee to Matias by restricted certified mail which was not answered.

In response to count I Matias testified that he had only given ten or fifteen cards to Fidelity of Iowa. He further asserted that when he discovered that the cards were being handed out he advised people at Fidelity to cease handing out his business cards. The grievance commission found that his testimo-

ny was not credible and that the purpose of passing out the cards and the enclosed "required documentation form" was to obtain clients from the individuals conducting the seminar. The commission found that this conduct by Matias violated Iowa Code of Professional Responsibility DR 2–103(C) (1993) as well as DR 2–101(B)(4) regarding solicitation. The commission also found that DR 1–102(A)(2) was violated by Matias' circumventing a disciplinary rule through the actions of another. This involved allowing another individual to present his professional cards in order to obtain business referrals. The commission also found that there was no disclaimer by Matias included in the materials as required by DR 2–101(A). For this reason, the commission found that a violation occurred of DR 2–105.

Regarding count II, the commission made no finding as to whether Matias was requested to file an appeal by Carney and failed to do so. The commission did however find that Matias failed to offer any reasonable explanation for refusing to respond to the committee's inquiries. In so doing, the commission found that Matias violated rules 1–102(A)(1), (5), and (6).

▮ In these attorney disciplinary matters, the ethics committee must prove the allegations of the complaint by a convincing preponderance of the evidence. *Committee on Professional Ethics & Conduct v. Lawler*, 342 N.W.2d 486, 487 (Iowa 1984). We review the findings made before the commission de novo. Iowa Sup.Ct.R. 118.10. We independently decide this matter and take what we determine to be appropriate action. *Id.* In our review we consider the findings of fact made by the commission but are not bound by them. *Committee on Professional Ethics & Conduct v. Conzett*, 476 N.W.2d 43, 44 (Iowa 1991); *Committee on Professional Ethics & Conduct v. Sturgeon*, 487 N.W.2d 338, 341 (Iowa 1992).

Our review of the facts in the case at bar shows a striking similarity to the conduct proscribed by our court in *Committee on Professional Ethics & Conduct v. Baker*, 492 N.W.2d 695 (Iowa 1992). In *Baker,* the promotion of living trusts through seminars and

referral of people attending these seminars to a cooperating lawyer was thoroughly described. *See id.* at 696–700. We determined that Baker had violated our disciplinary rules by unethically soliciting business. The sanction imposed was a public reprimand. We find that the actions of Matias are similar to Baker's and are in violation of the disciplinary rules as found by the commission.

Regarding the commission's finding of a further disciplinary violation by Matias' failure to respond to the committee's inquiries, we said in *Committee on Professional Ethics & Conduct v. Thomas,* 495 N.W.2d 684, 687 (Iowa 1993):

> We have no doubt that a notice of complaint from the committee is an embarrassing, humiliating, and numbing experience for lawyers. However, all lawyers are under a continuing obligation to cooperate fully with the committee investigating allegations of unethical behavior. Failure to do so is a separate ethical violation. *See Committee on Professional Ethics & Conduct v. Gardalen,* 414 N.W.2d 124, 128–29 (Iowa 1987).

We also found this type of conduct to be in violation of our disciplinary rules in *Committee on Professional Ethics & Conduct v. Gill,* 479 N.W.2d 303, 307 (Iowa 1991).

Our independent review of this matter convinces us that the evidence supports the findings of the grievance commission. We also note that in 1983 Matias was suspended for two weeks for failure to comply with Iowa Supreme Court Rule 123 concerning continuing legal education and was suspended for a six month period in 1986 for failure to file tax returns. *See Committee on Professional Ethics & Conduct v. Matias,* 397 N.W.2d 514 (Iowa 1986).

We conclude that Matias' solicitation of business and failure to respond to the ethics committee's inquiries violated our disciplinary rules and in light of his prior violations justifies a suspension from the practice of law. We therefore suspend Matias' license to practice law indefinitely with no possibility of reinstatement for two months. This suspension shall apply to all facets of the practice of law. Iowa Sup.Ct.R. 118.12. Upon application for reinstatement, Matias shall have the burden to prove that he has not practiced law during the period of suspension and that he meets the requirements of Iowa Supreme Court Rule 118.13.

The costs of this action are assessed against Matias in accordance with Iowa Supreme Court Rule 118.22.

**LICENSE SUSPENDED.**