COMMITTEE ON PROFESSIONAL ETH-
ICS AND CONDUCT OF THE IOWA
STATE BAR ASSOCIATION, Complain-
ant,

v.

**Karl J. HORN, Respondent.**

No. 94-1599.

Supreme Court of Iowa.

Jan. 18, 1995.

Douglas F. Staskal of Brick, Gentry, Bow-
ers, Swartz, Stoltze, Schuling & Levis, P.C.,
and Charles L. Harrington and Norman G.
Bastemeyer, Des Moines, for complainant.

Karl J. Horn, Charles City, pro se.

Considered by McGIVERIN, C.J., and
HARRIS, LARSON, CARTER, and
ANDREASEN, JJ.

LARSON, Justice.

Karl J. Horn, respondent in this disciplin-
ary proceeding, is an attorney residing in
Charles City, Iowa. A June 29, 1994 com-
plaint filed by the Committee on Professional
Ethics and Conduct of the Iowa State Bar
Association (committee) asserts that Horn
unnecessarily opened an estate for a client's
deceased husband and failed to cooperate
with the committee in its investigation of this
matter. Our grievance commission recom-
mended suspension of Horn's license for a
minimum of twelve months, and we concur.

■ Testimony at the commission hearing
and request for admissions established these
undisputed facts. In August 1991, Horn ad-
vised Marguerite Patterson that it was nec-
essary to open a probate estate for her de-
ceased husband. In fact, because of the
nature of the decedent's property, it was not
necessary to open an estate. Horn concedes
that. In August 1992, Patterson filed a com-
plaint against Horn.

The committee informed Horn of the com-
plaint and requested that he respond. He
did not answer the complaint, respond to a
request for admissions, or appear at the
grievance commission's hearing on this mat-
ter, even though he received proper notice.
In fact, at no time did Horn communicate
with the committee other than to inform it
via telephone that he would not attend the
hearing.

■ The standard of proof in a disciplin-
ary proceeding is a convincing preponder-
ance of the evidence, a greater quantum of
evidence than a preponderance, but less than
that required to sustain a criminal conviction.
*Committee on Professional Ethics & Con-
duct v. Matias,* 521 N.W.2d 704, 706 (Iowa
1994); *Committee on Professional Ethics &
Conduct v. Hurd,* 375 N.W.2d 239, 246 (Iowa
1985). Horn did not respond to the commit-
tee's requests for admissions; therefore, the

commission admitted the allegations as established and proven facts. Iowa R.Civ.P. 127 (admitting and establishing as fact requests for admissions upon a failure to respond within thirty days).

The commission found that Horn, by refusing to respond to the committee's inquiries, had violated DR 1–102(A)(5) (engaging in conduct prejudicial to the administration of justice), and DR 1–102(A)(6) (engaging in conduct adversely reflecting on fitness to practice law). Further, the commission found that Horn's work on the Patterson estate violated DR 6–101(A)(1) (handling a legal matter in which the lawyer is not competent).

■ We agree that the committee established these violations by a convincing preponderance of the evidence. Under Court Rule 118.10, we determine the appropriate discipline. We consider prior disciplinary action taken against Horn in determining the appropriate sanction warranted by Horn's violations. *See Committee on Professional Ethics & Conduct v. Zimmerman*, 465 N.W.2d 288, 293 (Iowa 1991) ("We have repeatedly held that prior disciplinary action bears on the decision in a subsequent case against the same lawyer.").

We first suspended Horn's license with no possibility of reinstatement for three months for neglect of an estate proceeding, misrepresentations made to a client, and failure to reply to the committee's inquiries and discovery requests. *Committee on Professional Ethics & Conduct v. Horn*, 379 N.W.2d 6, 10 (Iowa 1985). We suspended Horn's license a second time with no possibility of reinstatement for six months for misrepresenting the status of a legal matter to a client and for failing to cooperate with the committee in its investigation. *Committee on Professional Ethics & Conduct v. Horn*, 480 N.W.2d 861, 863 (Iowa 1992). In fact, Horn remains under suspension because he has not filed for reinstatement.

In view of Horn's violations of the Iowa Code of Professional Responsibility, his repeated failure to respond to the committee's inquiries, and his previous disciplinary record, we order that his license be suspended indefinitely with no possibility of reinstatement for twelve months from the date of the filing of this opinion. This suspension shall apply to all facets of the practice of law. Ct.R. 118.12. Upon application for reinstatement, Horn shall have the burden of proving that he has not practiced law during the suspension and that he meets the requirements of Court Rule 118.13.

Costs are assessed to Horn pursuant to Court Rule 118.22.

LICENSE SUSPENDED.