802 So.2d 593 (2001)
In re Billy Gene WATLEY, and
Amy E. Watley.
No. 2001-B-1775.
Supreme Court of Louisiana.
December 7, 2001.
*594 PER CURIAM.[*]
This disciplinary matter stems from one count of formal charges filed by the Office of Disciplinary Counsel ("ODC") against respondents, Billy Gene Watley and Amy E. Watley, attorneys licensed to practice law in Louisiana but who are currently ineligible to practice.[1]

UNDERLYING FACTS
In 1998, respondents entered into an agreement with "We the People" Paralegal Services, LLC ("WTP"), whereby WTP would provide paralegal and secretarial services to respondents' law firm. Under the agreement, respondents agreed to pay WTP forty percent (40%) of the attorney's fees respondents earned on personal injury cases, and pay WTP sixty percent (60%) of attorney's fees respondents earned on cases WTP referred to them. For cases other than personal injury cases, WTP would receive $10 per hour for the time its staff worked on the case.
Pursuant to the agreement, respondents paid WTP forty percent of their attorney's fee in two cases, but did not pay WTP in approximately seventeen cases. As a result, WTP filed suit against respondents for breach of contract.[2] The ODC apparently learned of respondents' arrangement with WTP from that suit and commenced an investigation to determine whether respondents were engaged in a fee-splitting arrangement with non-lawyers.

DISCIPLINARY PROCEEDINGS

Formal Charges
After investigation, the ODC filed one count of formal charges against each of the respondents alleging their misconduct violated Rules 5.1(a) (failure of firm partner *595 to ensure firm attorneys conform to professional rules), 5.2(a) (subordinate lawyer's failure to comply with professional rules despite directions to the contrary by another attorney), 5.3 (failure to properly supervise non-lawyer assistants), 5.4(a) (fee sharing with a non-lawyer), 5.4(b) (forming a legal partnership with a non-lawyer), 5.5(b) (assisting a nonmember of the bar to engage in the unauthorized practice of law), 8.4(a) (violating the Rules of Professional Conduct), 8.4(b) (commission of a criminal act adversely reflecting on a lawyer's honesty, trustworthiness, or fitness as a lawyer), 8.4(c) (engaging in conduct involving deceit, dishonesty, fraud, or misrepresentation) and 8.4(d) (engaging in conduct prejudicial to the administration of justice) of the Rules of Professional Conduct. Respondents filed a joint answer, essentially denying any misconduct on their parts.

Formal Hearing
A formal hearing before the hearing committee was conducted, but respondents failed to appear.[3] The ODC presented documentary evidence, live testimony and a hearing transcript from the civil case.
One of the witnesses presented by the ODC was Tammy Kyson, a founding member and former vice-president of WTP. Ms. Kyson testified that she was present at the meeting where respondents proposed the fee sharing agreement to WTP. She stated WTP accepted the terms of the agreement and performed services pursuant to it.
Ronald E. White, an expert audit consultant to the ODC and Louisiana State Bar Association with forty years experience, testified he reviewed respondents' financial records and concluded that only two checks were of sufficient size to warrant his investigation with regard to fee sharing. Mr. White testified that check number 2025 made payable to WTP from respondents' firm account in the amount of $2,977.21 represented exactly forty percent (40%) of the $7,168.02 fee received by respondents in connection with the personal injury matters of Deanna Strasky and her two minor children, plus $110 as expenses.[4] He also noted that the check was dated one day after the settlement statements were prepared in the case. Mr. White also pointed out that the check had a notation that it corresponded with invoice number 0001, but that invoice number 0001 was in the amount of $863.76 and had no relation to the check.
In addition, Mr. White concluded check number 2202, made payable to WTP from respondents' account in the amount of $1,113.32, represented exactly forty percent (40%) of the $2,783.30 fee received by respondents in connection with the personal injury matters of Lisa Woodward and her two minor children. As further evidence of his deduction, he pointed out that the settlement sheets were dated the same day as the check. In concluding his testimony, Mr. White opined the references to invoices that did not match up to the checks were purposely done to "throw anyone who was examining it off."

Recommendation of the Hearing Committee
The committee initially acknowledged that respondents did not appear at the *596 hearing. However, the committee concluded it was satisfied that respondents received sufficient notice of the date, time and location of the hearing.
On the merits, the committee found the testimony and documentary evidence submitted by the ODC proved by clear and convincing evidence that respondents violated Rule 5.4 by sharing fees with a non-lawyer.[5] It determined that respondents intentionally violated their duties to the profession causing actual or potential injury to the profession and the fact that respondents have not admitted to their misconduct is indicative of the potential for additional misconduct.
The committee recognized as aggravating factors a pattern of misconduct, dishonest or selfish motive (attempt to hide the misconduct by referencing invoice numbers on their checks), failure to admit to wrongful nature of conduct, and bad faith obstruction of disciplinary proceeding by intentionally failing to comply with the order of the disciplinary agency to appear before the committee. Additionally, the committee found one of the respondents, Billy Gene Watley, had a prior disciplinary record consisting of an admonition.[6] The committee identified no mitigating factors.
Based on these findings, the committee recommended respondents be suspended from the practice of law for a period of six months, followed by a one year period of probation. The ODC filed an objection to the leniency of the committee's recommendation.

Recommendation of the Disciplinary Board
The disciplinary board found the record supported the committee's conclusion that respondents violated Rule 5.4(a) relative to fee sharing with a non-lawyer. The board also accepted the aggravating factors recognized by the committee, and agreed that no mitigating factors were present.
In determining an appropriate sanction, the board observed there was little Louisiana jurisprudence on this issue. It noted that the sanctions imposed in other jurisdictions for similar conduct ranged from reprimands to indefinite suspensions. Attorney AAA v. The Mississippi Bar, 735 So.2d 294 (Miss.1999) (attorney reprimanded for improper fee sharing stemming from his issuance of a check to a nonlawyer representing half of the settlement proceeds in a personal injury case); Emil v. The Mississippi Bar, 690 So.2d 301 (Miss.1997) (indefinite suspension imposed on attorney, contingent upon successful completion of the Mississippi Bar Examination, for soliciting business and sharing legal fees with a non-lawyer); Comm. on Professional Ethics and Conduct of the Iowa State Bar Ass'n v. Lawler, 342 N.W.2d 486 (Ia.1984) (attorney indefinitely suspended, without right of reinstatement for a period of three years, for fee-splitting with a non-lawyer, failing to supervise a legal assistant's work, neglect of a client's affairs, accepting fees from a client for unaccomplished work and failing to file income tax returns and truthfully answer a client security commission questionnaire).
*597 Considering this jurisprudence, the board recommended an eighteen month suspension, with six months deferred, followed by a one year period of probation. One board member concurred in part and dissented in part finding the sanction suggested by the committee to be appropriate under the facts.
No objections to this recommendation were filed by respondents or the ODC. However, pursuant to Supreme Court Rule XIX, § 11(G)(1)(a), this court ordered the parties to submit written briefs within twenty days, addressing the appropriateness of the proposed sanction. In response to this order, the ODC submitted a brief suggesting the appropriate sanction in this case ranged from a suspension of one year and one day to an eighteen month suspension. Respondents did not file a brief.

DISCUSSION
The record supports the finding of the hearing committee that respondents violated Rule 5.4(a) when they entered into fee-splitting contracts with a non-lawyer. Therefore, the sole issue presented for our consideration is the appropriate sanction for respondents' misconduct.
In determining an appropriate sanction, we are mindful that disciplinary proceedings are designed to maintain high standards of conduct, protect the public, preserve the integrity of the profession, and deter future misconduct. Louisiana State Bar Ass'n v. Reis, 513 So.2d 1173 (La.1987). The discipline to be imposed depends upon the facts of each case and the seriousness of the offenses involved, considered in light of any aggravating and mitigating circumstances. Louisiana State Bar Ass'n v. Whittington, 459 So.2d 520 (La.1984).
Respondents' actions were intentional, as demonstrated by the fact that they made efforts to conceal their actions by making misleading invoices which did not match up to checks. While the record does not indicate respondents' actions caused direct harm to a client, their arrangement had the potential to harm their clients, because once non-lawyers were given a financial interest in respondents' legal fees, there was a possibility they could interfere with respondents' independent judgment in the case. See Comments to ABA Model Rule 5.4 ("[t]hese limitations are to protect the lawyer's professional independence of judgment"). The potential harm to respondents' clients and the legal profession as a whole demonstrates the need for discipline under these facts.
As aggravating factors, we recognize respondents' dishonest or selfish motives, their failure to admit the wrongful nature of their conduct and their bad faith obstruction of the disciplinary proceedings. As a mitigating factor, we observe that respondents were relatively inexperienced in the practice of law at the time of the misconduct, having been admitted for just over five years.
Under these circumstances, we believe a suspension from the practice of law for a period of one year and one day, which will necessitate an application for reinstatement, is the appropriate discipline for respondents' misconduct.

DECREE
Upon review of the findings and recommendations of the hearing committee and disciplinary board, and considering the record, it is ordered that respondents, Billy Gene Watley and Amy E. Watley (a/k/a Amy E. Watley Miley), be suspended from the practice of law for a period of one year and one day. All costs and expenses in the matter are assessed against respondents in accordance with Supreme Court *598 Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court's judgment until paid.
NOTES
[*] Retired Judge Robert L. Lobrano, assigned as Justice Pro Tempore, participating in the decision.
[1] Billy Gene Watley is the father of Amy E. Watley. Ms. Watley's name on the bar rolls is currently listed as Amy E. Watley Miley. Both respondents have been ineligible to practice law since September 1, 2000 for failure to satisfy their disciplinary assessment.
[2] In response to WTP's suit, respondents filed an exception of no cause of action. The trial court maintained the exception, finding the contract was null on the ground that the method of compensation was a violation of Rule 5.4 of the Rules of Professional Conduct, pertaining to fee-splitting. WTP applied for supervisory writs. The court of appeal granted writs and remanded the case to the trial court to allow WTP to amend their petition to state a cause of action for unjust enrichment. "We the People" Paralegal Services, LLC v. Watley, 33,480 (La.App.2d Cir.8/25/00), 766 So.2d 744.
[3] Respondents failed to advise the ODC or the hearing committee of their intention to not attend the hearing. The transcript indicates Deputy Disciplinary Counsel Fred Ours made an attempt during the hearing to contact respondents by telephone numerous times at their office, but their telephone had been disconnected. Although their counsel received notice of the hearing, respondents had discharged him.
[4] The president of WTP executed an affidavit stating that respondents reimbursed her for the $110 in expenses when they issued her the fee check.
[5] However, the committee declined to find violations of Rules 5.1(a), 5.2(a), 5.3, 5.4(b), 5.5(b), 8.4(a), 8.4(b), 8.4(c) and 8.4(d), as charged by the ODC.
[6] Respondent, Billy Gene Watley, has a prior disciplinary record consisting of one admonition imposed on March 24, 1997 for misconduct involving neglect of a legal matter, failure to communicate and failure to advise his clients concerning prescription and the status of their case. See, 97-ADB-019.