*316 ATTORNEY DISCIPLINARY PROCEEDINGS
LPER CURIAM.
This disciplinary matter arises from six counts of formal charges filed by the Office of Disciplinary Counsel (“ODC”) against respondent, Amy E. Watley, an attorney licensed to practice law in Louisiana, but currently suspended.[1]
UNDERLYING FACTS
Count I — The Beckham Matter
In September 1999, Susan Ann Beck-ham paid respondent $830 to represent her in a divorce proceeding. Respondent failed to complete the matter and abandoned her law practice without protecting the interests of her client.
Count II — The Hatfield Matter
In June 1999, Brenda Hatfield paid respondent $600 to represent her in a divorce proceeding. Respondent failed to complete the matter and abandoned her law practice without protecting the interests of her client.
| ¡,Count III — The Guillory Matter
In February 1999, Charles Guillory retained respondent to handle a personal injury matter. Respondent agreed to accept the case on a contingency fee basis, but thereafter she failed to complete the matter and abandoned her law practice without protecting the interests of her client.

Count IV— The Berry Matter

In November 1999, George Berry paid respondent $750 to represent him in a child custody proceeding. Respondent failed to complete the matter and abandoned her law practice without protecting the interests of her client.
Count V — The Broum Matter
Liza Ann Brown retained respondent to represent her in a divorce proceeding. Ms. Brown paid respondent a retainer fee; however, respondent failed to complete the matter and abandoned her law practice without protecting the interests of her client.
Count VI — The Greene Matter
In December 1999, Deborah Greene retained respondent to represent her in a divorce proceeding. Ms. Greene paid respondent a retainer fee; however, respondent failed to complete the matter and *317 abandoned her law practice without protecting the interests of her client.
DISCIPLINARY PROCEEDINGS
After investigation, the ODC filed six counts of formal charges against respondent, alleging that her conduct violated Rules 1.3 (failure to act with reasonable | ¡¡diligence and promptness in representing a client) and 1.16 (termination of the representation) of the Louisiana Rules of Professional Conduct.
Respondent failed to answer or otherwise reply to the formal charges. Accordingly, the factual allegations contained therein were deemed admitted and proven by clear and convincing evidence pursuant to Supreme Court Rule XIX, § 11(E)(3). No formal hearing was held, but the parties were given an opportunity to file with the hearing committee written arguments and documentary evidence on the issue of sanctions.

Hearing Committee Recommendation

Noting the factual allegations of the formal charges were deemed admitted and proven by clear and convincing evidence pursuant to Rule XIX, § 11(E)(3), the hearing committee agreed that respondent violated the Rules of Professional Conduct as charged. After consideration of the ODC’s submission in response to the deemed admitted order,[2] the committee concluded that respondent accepted cases but did not complete the work or communicate with her clients, and left no way for her clients or the ODC to reach her. The committee found respondent’s conduct was knowing and caused injury to her clients, the profession, and the disciplinary system. The committee recognized no mitigating factors, but determined numerous aggravating factors are present, namely respondent’s prior disciplinary offenses, dishonest or selfish motive, bad faith obstruction of the disciplinary proceeding, vulnerability of the victims, and substantial experience in the practice of law (admitted 1993). Under these circumstances, the committee recommended that respondent be disbarred.
RNeither respondent nor the ODC filed an objection to the hearing committee’s recommendation. However, on March 27, 2002, the day before this matter was scheduled to be considered by the disciplinary board, respondent submitted a handwritten response to five of the six counts of formal charges, essentially denying any misconduct.

Disciplinary Board Recommendation

The disciplinary board agreed respondent violated duties owed to her clients and as a professional. The board further determined that respondent’s conduct was knowing, if not intentional, and caused injury to her clients. The baseline sanction for this conduct is disbarment.
The board concurred in the aggravating factors cited by the committee, and agreed the record does not support a finding of any mitigating factors.
In light of these considerations, the ABA’s Standards for Imposing Lawyer Sanctions, and the prior jurisprudence, the board concluded that disbarment is the appropriate sanction. The board also recommended respondent be ordered to make restitution to her clients, and that she be assessed with all costs and expenses of these proceedings, with legal interest to commence running thirty days from the date of finality of the court’s judgment until paid.
Neither respondent nor the ODC filed an objection to the disciplinary board’s recommendation.
*318 DISCUSSION
The deemed admitted facts in this case establish that respondent has neglected the legal matters of six clients and has abandoned her law practice without protecting _|¿the interests of her clients. Therefore, the sole issue presented for our consideration is the appropriate sanction for respondent's misconduct.
In determining an appropriate sanction, we are mindful that disciplinary-proceedings are designed to maintain high standards of conduct, protect the public, preserve the integrity of the profession, and deter future misconduct. Louisiana State Bar Ass’n v. Reis, 513 So.2d 1173 (La.1987). The discipline to be imposed depends upon the facts of each case and the seriousness of the offenses involved, considered in light of any aggravating and mitigating circumstances. Louisiana State Bar Ass’n v. Whittington, 459 So.2d 520 (La.1984).
In cases involving neglect and abandonment of multiple clients, we have frequently held that disbarment is an appropriate sanction. See In re: Poirrier, 01-1116, 01-1118 (La.6/29/01), 791 So.2d 94; In re: Smith, 98-0619, 98-0620 (La.5/8/98), 710 So.2d 241. Numerous aggravating factors are present in the instant case, including respondent’s prior disciplinary record, dishonest or selfish motive, bad faith obstruction of the disciplinary proceeding, vulnerability of the victims, and substantial experience in the practice of law. We are unable to discern any mitigating factors from the record.
We conclude the record demonstrates in a convincing fashion that respondent lacks the fitness necessary to practice law in this state. She must be disbarred.
DECREE
Upon review of the findings and recommendation of the hearing committee and disciplinary board, and considering the record, it is ordered that the name of Amy E. Watley, Louisiana Bar Roll number 22223, be stricken from the roll of attorneys and that her license to practice law in the State of Louisiana be revoked. It is further | ^ordered that respondent render a full accounting to Susan Ann Beckham, Brenda Hatfield, Charles Guillory, George Berry, Liza Ann Brown, and Deborah Greene and that she refund any unearned fees due those clients. AH costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid.

. Respondent was suspended by this court for one year and one day in December 2001 for entering into a fee-splitting agreement with "We the People” Paralegal Services, LLC, a non-lawyer agency that provided paralegal and secretarial services to respondent's law firm. In re: Watley, 01-1775 (La.12/7/01), 802 So.2d 593.

. Respondent filed nothing for the hearing committee's consideration.