897 So.2d 579 (2005)
In re Jesse Bethea HEARIN, III.
No. 2005-B-0196.
Supreme Court of Louisiana.
March 24, 2005.
*580 PER CURIAM.
This disciplinary matter arises from formal charges filed by the Office of Disciplinary Counsel ("ODC") against respondent, Jesse Bethea Hearin, III, an attorney licensed to practice law in Louisiana but currently on interim suspension.[1]

UNDERLYING FACTS

Counts I and II
In December 2000, Barbara Coleman, who resides in Arkansas, retained respondent to represent her in a domestic matter pending in Louisiana, paying him $750 of an agreed-upon $1,500 fee. While respondent made some preliminary efforts on Ms. Coleman's behalf, he failed to complete the representation. He did not enroll as counsel of record and failed to appear at a December 21, 2000 contempt hearing on behalf of his client or have the hearing appropriately continued. As such, an attachment was issued for Ms. Coleman. In January 2001, respondent abandoned his law practice and relocated to Mississippi without informing Ms. Coleman or returning her file.
In April 2001, Ms. Coleman filed a complaint against respondent with the ODC. Respondent failed to reply to the complaint and failed to cooperate with the ODC in its investigation of the matter.

Count III
In July 2000, Jerry and Carolyn Pratt paid respondent $5,000 of an agreed-upon $10,000 fee to represent their son, Larry Jones, in a criminal matter pending in federal court. According to the court docket of Mr. Jones's case, respondent enrolled as counsel of record on August 21, 2000. At that time, respondent also filed a motion to adopt pleadings filed by Mr. Jones's previous attorney and filed a motion for discovery.
In January 2001, respondent abandoned his law practice and relocated to Mississippi without informing Mr. Jones, his parents, or the court. Respondent failed to appear at a pre-trial conference on February 2, 2001, following which the court appointed a public defender to represent Mr. Jones. In July 2001, Mr. and Mrs. Pratt filed a complaint against respondent with the ODC.

DISCIPLINARY PROCEEDINGS:

Formal Charges
After investigation, the ODC filed formal charges against respondent, consisting of Counts I and II. The ODC alleged respondent's conduct violated the following Rules of Professional Conduct: Rules 1.3 (failure to act with reasonable diligence and promptness in representing a client), 1.4 (failure to communicate with a client), 1.5(f)(6) (failure to refund an unearned fee), 1.16(a) (declining or terminating representation), 1.16(d) (obligations upon termination of the representation), 3.2 (failure to make reasonable efforts to expedite litigation), 3.4(c) (knowing disobedience of an obligation under the rules of a tribunal), 8.1(c) (failure to cooperate with the ODC in its investigation), 8.4(a) (violation of the Rules of Professional Conduct), 8.4(c) (engaging in conduct involving dishonesty, *581 fraud, deceit, or misrepresentation), 8.4(d) (engaging in conduct prejudicial to the administration of justice), and 8.4(g) (failure to cooperate with the ODC in its investigation). Despite the efforts of the ODC's investigators, the ODC was unable to locate respondent to serve him with the formal charges until January 2004. Thereafter, respondent, through counsel, answered the formal charges and essentially denied any misconduct. He also asserted that he had refunded the $750 fee to Ms. Coleman in February 2004.
Subsequently, the ODC filed supplemental and amended formal charges, adding Count III. The ODC alleged respondent's conduct violated Rules 1.3, 1.4, 1.5(f)(6), 1.16(d), 8.4(a), 8.4(c), and 8.4(d) of the Rules of Professional Conduct. Respondent, through counsel, filed an amended answer, in which he expressed remorse for not communicating with Mr. Jones and indicated he had recently reimbursed the $5,000 paid to him by the Pratts.

Hearing Committee Recommendation
Considering the evidence presented at the hearing, the hearing committee found that Ms. Coleman paid $750 of respondent's $1,500 fee and respondent did some work on her case but did not appear at the December 21, 2000 contempt hearing. Respondent then closed his law office and relocated to Mississippi without notifying Ms. Coleman. The committee further found that on August 29, 2002, Ms. Coleman filed a complaint against respondent with the ODC. The ODC attempted to serve respondent with the complaint on several occasions but was unsuccessful. Respondent was not served until January 29, 2004 at his father's address in Mississippi. Respondent retained counsel and filed an answer, denying any misconduct. However, respondent also returned the $750 to Ms. Coleman. In regard to Count III, the committee found that Mr. Pratt paid respondent $5,000 of the agreed-upon $10,000 fee to represent his son in a criminal matter. Thereafter, respondent enrolled as counsel of record and worked on the case for several months before failing to further communicate with Mr. Jones. Respondent abandoned his law practice without notifying Mr. Jones. The committee further found that, on June 17, 2004, respondent was served with the supplemental and amended formal charges at his Mississippi address. He answered, expressing remorse and stating that he assumed his clients' needs were being attended to following his interim suspension in 2001. Respondent also returned the $5,000 to Mr. Pratt.
While the committee made no specific findings regarding rule violations, it stated that this court has imposed sanctions ranging from suspension to disbarment for abandoning the practice of law without protecting the interests of clients. It also recognized the aggravating factors of dishonest or selfish motive, refusal to acknowledge the wrongful nature of conduct, and vulnerability of the victims, along with respondent's ineligibility to practice law since August 14, 2000 due to his failure to complete his mandatory continuing legal education requirements. The committee also found that the following mitigating factors are present: absence of a prior disciplinary record, personal and emotional problems, efforts to make restitution, and remorse.
Considering the above findings, the committee recommended that respondent be suspended from the practice of law for a period of one year, fully deferred, subject to two years of supervised probation once respondent returns to the practice of law in Louisiana.
The ODC objected to the hearing committee's recommendation as being "unduly *582 lenient and not responsive to the nature and circumstances of the misconduct."

Disciplinary Board Recommendation
After reviewing this matter, the disciplinary board modified and added to the hearing committee's findings in Counts I and II. The board found that respondent did not enroll as counsel of record because Ms. Coleman was unable to pay an appropriate retainer. However, the board found no evidence to show that respondent was required to attend the December 21, 2000 contempt hearing. Instead, the board found that respondent failed to assure that the court was notified of counsels' agreement to pass the hearing, which led to an attachment being issued for Ms. Coleman. Furthermore, the board found that respondent did not contact Ms. Coleman in January or respond to communications from opposing counsel. The board further determined that Ms. Coleman filed her complaint with the ODC on April 9, 2001. Respondent received a copy of the complaint on May 25, 2001 but failed to respond. Based on these findings, the board determined that respondent violated Rules 1.3, 1.4, 1.5(f)(6), 1.16(a)(2), 1.16(d), 8.4(a), and 8.4(d) of the Rules of Professional Conduct in Count I. However, the board did not find sufficient evidence of violations of Rules 3.2, 3.4(c), or 8.4(c) in regard to Count I. In Count II, the board found violations of Rules 3.4(c), 8.1(a), 8.4(a), and 8.4(g).
In Count III, the board adopted the factual findings set out in the committee's report and added that respondent failed to appear for a pre-trial conference, which led to the setting of another hearing to appoint replacement counsel for Mr. Jones. Based on these findings, the board determined that respondent violated Rules 1.3, 1.4, 1.5(f)(6), 1.16(d), 8.4(a), and 8.4(d) of the Rules of Professional Conduct. However, the board did not find sufficient evidence of a violation of Rule 8.4(c).
The board determined that respondent violated duties owed to his clients, the legal system, and as a professional. He acted knowingly and caused harm to his clients, the legal system, and the profession, but there is no indication that respondent's misconduct caused permanent harm to his clients. The baseline sanction for respondent's misconduct is a period of suspension.
The board adopted the aggravating and mitigating factors found by the committee. Considering the ABA's Standards for Imposing Lawyer Sanctions and the prior jurisprudence involving lawyers who abandon their practices, the board recommended that respondent be suspended from the practice of law for one year. The board further recommended that the suspension be retroactive to the date of respondent's interim suspension, followed by two years of probation. Finally, the board recommended that respondent complete thirty-six hours of continuing legal education prior to seeking reinstatement under Supreme Court Rule XIX, § 23.
Neither respondent nor the ODC filed an objection to the disciplinary board's recommendation.

DISCUSSION
Bar disciplinary matters come within the original jurisdiction of this court. La. Const. art. V, § 5(B). Consequently, we act as triers of fact and conduct an independent review of the record to determine whether the alleged misconduct has been proven by clear and convincing evidence. In re: Quaid, 94-1316 (La.11/30/94), 646 So.2d 343; Louisiana State Bar Ass'n v. Boutall, 597 So.2d 444 (La.1992). While we are not bound in any way by the findings and recommendations of the hearing committee and disciplinary *583 board, we have held the manifest error standard is applicable to the committee's factual findings. See In re: Caulfield, 96-1401 (La.11/25/96), 683 So.2d 714; In re: Pardue, 93-2865 (La.3/11/94), 633 So.2d 150.
The record supports violations of the Rules of Professional Conduct as found by the disciplinary board. The evidence indicates respondent abandoned his law practice without protecting the interests of either Ms. Coleman or Mr. Jones. After these clients filed complaints, he failed to cooperate with the ODC's investigation. Although the record does not indicate any actual harm resulting from respondent's action, there was a potential for serious harm to both clients.
Having found evidence of professional misconduct, we now turn to a determination of the appropriate sanction for respondent's actions. In determining a sanction, we are mindful that disciplinary proceedings are designed to maintain high standards of conduct, protect the public, preserve the integrity of the profession, and deter future misconduct. Louisiana State Bar Ass'n v. Reis, 513 So.2d 1173 (La.1987). The discipline to be imposed depends upon the facts of each case and the seriousness of the offenses involved considered in light of any aggravating and mitigating circumstances. Louisiana State Bar Ass'n v. Whittington, 459 So.2d 520 (La.1984).
The prior jurisprudence of this court has imposed a wide range of sanctions for similar misconduct, largely based on the degree of harm, the number of clients involved, and aggravating and mitigating factors present.[2]
In the instant matter, the following aggravating factors are present: refusal to acknowledge the wrongful nature of the conduct (specifically in Counts I and II), vulnerability of the victims, and substantial experience in the practice of law (admitted 1993). As mitigating factors, we recognize the absence of a prior disciplinary record, personal or emotional problems, interim rehabilitation, and remorse.
Considering the record as a whole, we conclude a one-year suspension from the practice of law, subject to a two-year period of probation, is an appropriate sanction for respondent's misconduct.

DECREE
Upon review of the findings and recommendations of the hearing committee and disciplinary board, and considering the record, it is ordered that Jesse Bethea Hearin, III, Louisiana Bar Roll number 22422, be suspended from the practice of law in Louisiana for a period of one year, subject to a two-year period of probation. This suspension shall be retroactive to the date of respondent's interim suspension imposed by this court in In re: Hearin, 01-0828 (La.4/2/01), 786 So.2d 682. It is further ordered that respondent complete thirty-six hours of continuing legal education prior to seeking reinstatement pursuant to Supreme Court Rule XIX, § 23. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty *584 days from the date of finality of this court's judgment until paid.
NOTES
[1] See In re: Hearin, 01-0828 (La.4/2/01), 786 So.2d 682.
[2] See, e.g., In re: Watley, 03-0233 (La.9/5/03), 854 So.2d 315 (lawyer disbarred for abandoning six clients causing them actual harm; numerous aggravating factors present); In re: Bivins, 98-2513 (La.12/11/98), 724 So.2d 198 (lawyer suspended for one year and one day for abandoning two clients; several mitigating factors present including personal and emotional problems).